EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED: **6/28/17**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID A. O'TOOLE, CLERK

| | |
|---|---|
| DAVID SNYDER, § | |
| Plaintiff, § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO. |
| § | 9:15-cv-00135-RC-ZJH |
| BASS PRO OUTDOOR WORLD, L.L.C., § | |
| Defendant § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff David Snyder and files this Second Amended Complaint against Defendant Bass Pro Outdoor World, L.L.C.

## I. PARTIES

1. Plaintiff is a resident of Texas.

2. Defendant Bass Pro Outdoor World, L.L.C. is a Missouri limited liability company doing business in the State of Texas. Said Defendant has appeared and answered herein.

## II. JURISDICTION AND VENUE

3. This is a manufacturing defect case in which Plaintiff seeks monetary relief over $1,000,000.00 and a demand for judgment for all the other relief to which Plaintiff is justly entitled.

4. This case was removed to this Court from the 411th Judicial District Court of Trinity County, Texas, where the subject incident occurred, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

5. The Court has jurisdiction over Defendant because it does business in Texas and/or the nature of its business is such that it has continuing contacts with the State of Texas.

### III. FACTS

6. This lawsuit involves a treestand chain ("the treestand chain") and the API Outdoors Grand Slam treestand ("the treestand").

7. At all times material hereto, the treestand and the treestand chain were defective and unsafe for their intended purpose.

8. The treestand chain was defectively manufactured.

9. On or about November 16, 2013, Plaintiff David Snyder was using an API Outdoors treestand while hunting in Trinity County, Texas.

10. After being positioned in the treestand, the treestand chain positioned around the tree broke.

11. David Snyder fell 19 feet to the ground below ("the occurrence").

12. David Snyder sustained numerous serious injuries in the occurrence, including a spinal cord injury which has rendered him paraplegic.

### IV. CAUSES OF ACTION

13. Defendant had actual knowledge of a defective condition in the treestand and/or treestand chain at the time it sold the treestand in question to Plaintiff.

14. Plaintiff's harm and injuries resulted from the defective condition(s).

15. The treestand and treestand chain sold to David Snyder by Defendant was defective in its manufacture, and the manufacturing defect was a producing cause of the occurrence.

16. The manufacturer of the treestand and treestand chain is insolvent and/or not subject to

the jurisdiction of the Court.

## V. DAMAGES

17. By virtue of the actions and conduct of Defendant set forth above, Plaintiff David Snyder has suffered severe bodily injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

18. Because of the nature and severity of the injuries sustained, Plaintiff has suffered physical pain and mental anguish, and he will in reasonable probability continue to suffer physical pain and mental anguish in the future.

19. Plaintiff has and will continue to suffer physical impairment and disfigurement as a result of his injuries.

20. As a direct and proximate result of the painful and disabling injuries Plaintiff has suffered, David Snyder has diminished earning capacity in the past and in reasonable probability will continue to experience a loss of earning capacity in the future, and to compensate for this loss, Plaintiff seeks recovery of loss of past and future earning capacity.

21. Because of the nature and severity of the injuries he sustained, Plaintiff David Snyder has required medical treatment in the past, and in reasonable probability, he will require other and additional medical treatment in the future and for the rest of his life.

22. The charges for the medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the incident in question.

## VI. PRE-JUDGMENT INTEREST

23. Plaintiff would additionally say and show that he is entitled to a recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff here and now sues for a recovery for pre-judgment interest from the date of the occurrence until the date of the judgment herein as, and if, provided by law and equity, under the applicable provisions of the laws of the State of Texas.

## VII. RIGHT TO AMEND

24. Plaintiff reserves the right to further amend this complaint by adding additional counts as discovery continues.

## VIII. DEMAND FOR JURY TRIAL

25. Plaintiff respectfully requests a trial by jury on all issues.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff David Snyder prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff recover actual damages as specified above from Defendant, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, attorneys' fees and expenses, and for such other and further relief, general and special, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**THE AMMONS LAW FIRM**

/s/ Randy A. Canché
Robert E. Ammons (lead)
Texas Bar No. 01159820

Randy A. Canché
Texas Bar No. 14025450
3700 Montrose Blvd.
Houston, Texas 77006
(713) 523-1606 - Telephone
(713) 523-4159 - Facsimile
rob@ammonslaw.com
randy@ammonslaw.com

Bennie D. Rush (Of Counsel)
Texas Bar No. 17400425
Law Offices of Bennie D. Rush
1300 11th Street
Huntsville, Texas 77340-3857
Telephone:    (936) 295-0700
Facsimile:    (936) -295-3330
bennie@bdrushlaw.com

**ATTORNEYS FOR PLAINTIFF DAVID SNYDER**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was electronically filed with the United States District Court for the Eastern District of Texas through the CM/ECF electronic filing system, and I further certify that the foregoing was served upon all counsel of record pursuant to the Local Rules of the Eastern District of Texas on this the 26th day of May, 2017.

    Bruce C. Gaible
    LeClairRyan
    1233 West Loop South, Suite 1000
    Houston, Texas 77027

    Barry B. Sutton
    Clark Hill PLC
    151 South Old Woodward, Suite 200
    Birmingham, MI 48009

    Attorneys for Bass Pro Outdoor World, L.L.C.

                                               /s/ Randy A. Canché
                                               Randy A. Canché